IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02380-BNB

GREG MURRAY,

    Plaintiff,

v.

DAVID BERKABILE,
PAUL LAIRD,
DIANE KRIST,
CHARLES SAMUELS, JR.,
W. HEIM,
L. REDDING,
PATRICIA RANGEL,
A. OSAGIE,
RICHARD MADISON,
C. WILSON, D.O.,
FEDERAL BUREAU OF PRISONS,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Greg Murray, is in the custody of the federal Bureau of Prisons and is incarcerated currently at ADX-Florence, Colorado.  He initiated this action by filing *pro se* a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  Plaintiff asserts claims against the Defendants for violation of his constitutional rights pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).   He has been granted leave to proceed *in forma pauperis* and has paid an initial partial filing fee.

    The Court construes the Complaint liberally because Mr. Murray is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Complaint and has determined that it is deficient. Mr. Murray therefore will be directed to file an amended complaint for the reasons discussed below.

In the Complaint, Mr. Murray asserts that Defendants have violated his First and Eighth Amendment rights in the following ways: (1) by acting with deliberate indifference to his serious prostrate condition; (2) by confiscating and otherwise interfering with his outgoing and incoming mail; (3) by opening his confidential legal mail outside of his presence; (4) by refusing to copy his legal documents; and, (5) by instituting new rules limiting inmates' access to white envelopes in an attempt to suppress prisoner complaints about conditions of confinement at the ADX. Mr. Murray also alleges that he is a devout Muslim and that his religious beliefs require congregational prayer. He asserts that Defendants have refused to remove the ban on congregational prayer at the ADX, in violation of his First Amendment free exercise rights and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1 (2011). Mr. Murray seeks injunctive and monetary relief.

The Complaint is deficient because Mr. Murray's *Bivens* claim against the Federal Bureau of Prisons is barred by sovereign immunity. A *Bivens* action may not be brought against federal agencies or agents acting in their official capacities. *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002) (citing *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 483-86 (1994)).

Furthermore, the Complaint fails to allege specific facts to show the personal participation of each Defendant in a violation of Plaintiff's constitutional or federal

statutory rights.  Mr. Murray is advised that personal participation by the named defendants is an essential allegation in a civil rights action.  *See Kite v. Kelley*, 546 F.2d 334, 338 (10th Cir. 1976).  Plaintiff therefore must show that each named Defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Moreover, a supervisory official, such as Defendant Samuels, Laird, Berkabile, or Heim, is liable only for a constitutional violation that he or she has caused.  *See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).  Accordingly, there must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Richardson*, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 [or *Bivens*] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).  Supervisors cannot be held liable merely because of their supervisory positions.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986);  *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  This is because "§ 1983 [or *Bivens*] does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).  Accordingly, it is

ORDERED that Plaintiff, Greg Murray, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the Court will review the allegations of the original Complaint, which may result in the dismissal of one or more claims or Defendants.

DATED at Denver, Colorado, this 18th day of October, 2012.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge